UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ROBIN PAUL MAYER,                )
                                 )
           Petitioner,           )
                                 )
     v.                          )   No.  4:03CV1562 FRB
                                 )
DAVID DORMIRE, et al.,           )
                                 )
           Respondents.          )

**MEMORANDUM AND ORDER**

This cause is before the Court on Missouri state prisoner Robin Paul Mayer's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Petitioner was convicted in the Circuit Court of Jefferson County, Missouri, of Murder Second Degree, four counts of Assault Second Degree, three counts of Endangering the Welfare of a Child, and one count of Driving While Revoked. Petitioner was sentenced to consecutive terms of imprisonment aggregating forty-two years, six months. See State v. Mayer, 3 S.W.3d 423 (Mo. Ct. App. 1999). On October 5, 1999, the Missouri Court of Appeals affirmed petitioner's conviction and sentence. Id. Petitioner's Motion for Rehearing and/or Transfer to the Supreme Court and Application for Transfer to the Supreme Court were stricken as untimely filed. (Resp. Exh. A.) On February 3, 2000, petitioner filed a motion for post-conviction relief pursuant to Missouri

Supreme Court Rule 29.15, which was denied on November 2, 2001. (Resp. Exh. B.) The Missouri Court of Appeals affirmed the denial of petitioner's post-conviction motion on October 1, 2002. Mayer v. State, 86 S.W.3d 143 (Mo. Ct. App. 2002). Petitioner pursued no other state court action. With the assistance of counsel, petitioner filed the instant petition for writ of habeas corpus in this Court on October 29, 2003.

In the instant petition, petitioner raises various claims for relief. In response, respondents contend that the petition is untimely filed pursuant to 28 U.S.C. § 2244(d)(1) inasmuch as direct review of petitioner's conviction and sentence concluded more than one year prior to the filing of the instant petition. For the following reasons, respondents' argument is well taken.

Pursuant to 28 U.S.C. § 2244(d)(1)(A), a person in custody pursuant to the judgment of a state court has one year from the date upon which such judgment became final within which to submit an application for writ of habeas corpus in federal court under 28 U.S.C. § 2254. For purposes of the statute, the state judgment is final upon "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Judgment becomes final, and thus the one-year statute of limitations is triggered, by either:

> (I) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought,

> then by the conclusion of all criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.

Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998).

Because petitioner did not file a petition for writ of certiorari in this cause, his state court judgment became final upon the expiration of his time to file such a petition. Id.; see also Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999) (en banc). Under United States Supreme Court Rule 13, a petitioner has ninety days from the entry of the judgment sought to be reviewed within which to petition the Supreme Court for a writ of certiorari. In Nichols, the Eighth Circuit determined that a petitioner who failed to seek discretionary review by the state court of last resort, such as the petitioner here, has ninety days after his conviction was affirmed on direct appeal to seek certiorari. Nichols, 172 F.3d at 1072; see State v. Nichols, 915 S.W.2d 795 (Mo. Ct. App. 1996) (per curiam) (no filing of post-opinion applications for discretionary review). As such, upon consideration of Smith and Supreme Court Rule 13, the Eighth Circuit stated "with certainty" that such a petitioner's "judgment [becomes] final within the meaning of § 2244(d)(1)(A) *no earlier* than . . . exactly 90 days after his conviction was affirmed on direct appeal." Nichols, 172 F.3d at 1072 (emphasis added). In this cause, petitioner's conviction was affirmed on direct appeal on October 5, 1999. Inasmuch as petitioner did not file a petition for writ of

certiorari, his state court judgment became final on January 3, 2000, ninety days after his conviction was affirmed on direct appeal. Nichols, 172 F.3d at 1072; Smith, 159 F.3d at 348. As such, the one-year period within which petitioner had to file a petition for writ of habeas corpus under 28 U.S.C. § 2254 commenced January 3, 2000.

Under 28 U.S.C. § 2244(d)(2), the one-year limitation period for filing a federal habeas petition is tolled while "a properly filed application for State post-conviction or other collateral review ... is pending." Williams v. Bruton, 299 F.3d 981, 982 (8th Cir. 2002). The pendency of post-conviction review includes the time between the trial court's denial of post-conviction relief and the filing of an appeal from the denial, Beery v. Ault, 312 F.3d 948, 950 (8th Cir. 2002); and the time during the appeal process, including such time during which petitioner could seek further appellate review, Carey v. Saffold, 536 U.S. 214, 219-21 (2002); cf. Williams, 299 F.3d at 983 (final resolution of application for post-conviction relief does not occur until it is too late to proceed in appeal process). The ninety days within which to file a petition for writ of certiorari to the United States Supreme Court after the denial of post-conviction relief is not tolled, however. Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001).

In this cause, petitioner filed his motion for post-conviction relief on February 3, 2000, the denial of which was

affirmed by the Missouri Court of Appeals on October 1, 2002. From the date of that opinion, petitioner had fifteen days within which to file with the court of appeals an Application for Transfer to the Supreme Court, see Missouri Supreme Court Civil Procedure Rule 83.02, which petitioner did not do. As such, after October 16, 2002, it was too late for petitioner to proceed in the appeal process relating to post-conviction review, and the tolling of the one-year limitations period ended. Williams, 299 F.3d at 983; Peterson v. Gammon, 200 F.3d 1202, 1203 (8th Cir. 2000). In the circumstances of this cause, then, the limitations period was tolled from February 3, 2000, when petitioner filed his motion for post-conviction relief, through October 16, 2002, after which petitioner could no longer continue to pursue post-conviction appellate relief.

Petitioner filed the instant petition on October 29, 2003, 379 days after the conclusion of appellate review of his post-conviction motion. In and of itself, this time period extends beyond the one-year limitations period imposed by § 2244(d). Petitioner argues, however, that he had one year from the date the Missouri Court of Appeals issued its mandate on the post-conviction appeal, that is, from October 30, 2002, within which to file a petition for writ of habeas corpus, and that therefore, the filing of the instant petition on October 29, 2003, was timely. Petitioner's argument is misplaced. At the time the mandate issued in this cause, petitioner's post-conviction process had already

reached final resolution inasmuch as petitioner could no longer continue to pursue post-conviction appellate relief after October 16, 2002.  See Williams, 299 F.3d at 983.  The issuance of the mandate does nothing to resurrect the already expired time within which petitioner could have continued to seek post-conviction review.  Cf. Missouri Supreme Court Civil Procedure Rule 83.02 (time within which to seek transfer to Supreme Court runs from date on which court of appeals entered its opinion).  Indeed, the issuance of the mandate does nothing to affect the judgment of the court of appeals as rendered in its opinion, but instead acts "merely [as] the official communication of the appellate judgment to the subordinate court."  See Moore v. Beck, 730 S.W.2d 538, 540 (Mo. banc 1987).  Accord United States Supreme Court Rule 13(3) (time to file petition for writ of certiorari runs from date of entry of judgment or order sought to be reviewed, not from issuance date of mandate).  As such, the pendency of petitioner's post-conviction review concluded on October 16, 2002, at such time when petitioner could no longer continue in the appellate process.

Nevertheless, contrary to petitioner's assertion, the time between the date that direct review of a conviction is completed and the date that an application for state collateral relief is filed counts *against* the one-year limitations period. Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001).  As such, the time between January 3, 2000 (the date petitioner's conviction became final), and February 3, 2000 (the date petitioner filed his

post-conviction motion), is not tolled and must be included in the period within which petitioner could file a federal habeas petition. Therefore, this thirty-one day period counts against the one-year limitations period. As such, even if the issuance of the mandate on October 30, 2002, constituted the end of petitioner's post-conviction appellate process as argued by petitioner, thirty-one days of the one-year limitations period had already elapsed between direct review and the commencement of collateral review, thereby placing the filing of the instant petition for writ of habeas corpus on October 29, 2003, thirty days beyond the one-year period. The instant petition, therefore, was untimely filed under 28 U.S.C. § 2244(d).

The one-year filing period set out in § 2244(d)(1) is not a jurisdictional bar, but rather is a statute of limitations subject to equitable tolling in appropriate circumstances. Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003). To the extent it can be argued that petitioner invokes the doctrine of equitable tolling by claiming that he received ineffective assistance of counsel by counsel's failure to seek discretionary review from his direct appeal (see Petn. at 4), this claim does not rise to the level of "extraordinary circumstances" to justify such tolling. "[E]quitable tolling is proper when there exist extraordinary circumstances beyond a prisoner's control that made filing a timely petition impossible or when the respondent's conduct has lulled the petitioner into inaction." Cross-Bey, 322 F.3d at 1015.

Petitioner's contention that counsel failed to seek discretionary review upon the conclusion of direct appeal does not account for the passage of time between the end of post-conviction appellate review on October 16, 2002, and the filing of his petition on October 29, 2003. As such, it cannot be said that direct appeal counsel's alleged ineffectiveness was such an extraordinary circumstance such that it prevented petitioner from timely filing the instant habeas petition subsequent to the termination of post-conviction appeal. See Beery v. Ault, 312 F.3d 948, 951-52 (8th Cir. 2002). This is especially true here, where petitioner filed his habeas petition with the assistance of counsel and continues to be represented by counsel throughout the habeas proceedings. See Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (equitable tolling even less appropriate in habeas case where petitioner represented by counsel). Accordingly, the undersigned determines that equitable tolling is not justified in this cause.

Inasmuch as the record before the Court unequivocally shows the instant petition to be untimely filed, petitioner's request for an evidentiary hearing in the cause should be denied. E.g., Mack v. Caspari, 92 F.3d 637, 644 (8th Cir. 1996) (court did not err in denying evidentiary hearing where clear record shows petitioner not entitled to relief).

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that petitioner Robin Paul Mayer's

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1) is dismissed without further proceedings for the reason that the petition is untimely filed pursuant to 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER ORDERED** that petitioner Robin Paul Mayer's Motion for Hearing on Respondents' Request for Dismissal (Docket No. 13) is denied.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue in this cause inasmuch as petitioner has failed to make a substantial showing that he has been denied a constitutional right.

*Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this _3rd_ day of October, 2005.